IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JIDONG ZHANG | ) | |
| | ) | |
| PLAINTIFF, | ) | CASE NO. CIV-16-1044-D |
| | ) | |
| v. | ) | |
| | ) | |
| TIPTOP ENERGY PRODUCTION U.S., LLC, a limited liability company, | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

Plaintiff, Jidong Zhang alleges:

### PARTIES

1. Plaintiff is an adult female individual and a permanent resident of the United States who currently makes her residence in Los Angeles, California. Plaintiff's country of origin is China.

2. Tiptop Energy Production U.S., LLC ("Tiptop Energy"), a Delaware limited liability company, was an employer in the City of Oklahoma City, Oklahoma at the time the alleged acts of discrimination and retaliation occurred.

3. At all times relevant hereto, Defendant Tiptop Energy was doing business in the United States Western District of Oklahoma.

4. Tiptop Energy is a United States subsidiary of Sinopec International Petroleum Exploration and Production Corporation (SIPC), a State-owned Chinese oil company.

5. At all times relevant hereto, Defendant Tiptop Energy was an employer within the meaning of 42 U.S.C.A §2000e and was engaged in an industry affecting commerce, and employed more than fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the then current or preceding calendar year.

## JURISDICTION AND VENUE

6. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A §§2000e et seq., the Civil Rights Act of 1991, 42 U.S.C.A §1981a, and Title 25 Oklahoma Statutes §1101, et seq. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by Federal law, which rights provide for injunctive and other relief for illegal discrimination in employment. Jurisdiction is invoked pursuant to 42 U.S.C.A. §2000e-5(f), 28 U.S.C.A. §§1353(a)(3) and 1343(a)(4), and pursuant to 28 U.S.C.A. §1367.

7. Costs and attorney's fees may be awarded pursuant to 42 U.S.C.A §2000e-5(k), and 25 O.S. §1350H.

8. Venue properly lies in the United States Western District of Oklahoma pursuant to 28 U.S.C.A. §1391 and 42 U.S.C.A §2000e-5(f)(3) because the unlawful employment practice was committed in this judicial district.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. In an effort to reduce the growth rate of China's population, beginning in the late 1970's and early 1980's, the central government of China implemented the "one-child policy", the purpose of which was to limit the great majority of family units in the country to one child each. On September 25, 1980, a public letter, published by the Central Committee of the China Communist Party to the party membership, called upon

all to adhere to the one-child policy. Methods of enforcement included making various contraceptive methods widely available, offering financial incentives and preferential employment opportunities for those who complied, imposing sanctions (economic or otherwise) against those who violated the policy, and, at times (notably the early 1980's) invoking stronger measures such as forced abortions and sterilizations (the latter primarily of women).[1]

On October 29, 2015, it was reported that the existing law would be changed to a two-child policy, citing a statement from the Communist Party of China. The new law became effecting January 1, 2016, following its passage in the standing Committee of the National People's Congress on December 27, 2015.

10.     Plaintiff was employed by Defendant Tiptop Energy beginning in June, 2012 as Financial Manager. Prior to her employment with Tiptop Energy, Plaintiff had been employed with SIPC at other of its subsidiaries in Russia from January, 2006 to December, 2009 and in Switzerland from January, 2010 to May, 2012. Plaintiff was transferred by SIPC to work in Defendant Tiptop Energy's place of business located in Oklahoma City, Oklahoma on or about June, 2012. At all times relevant hereto, Plaintiff's job performance was more than satisfactory.

11.     In early May, 2015, Defendant became aware that Plaintiff was pregnant. At this time, Plaintiff already had one child, born June 23, 2011.

12.     Shortly after Defendant became aware of Plaintiff's pregnancy, Defendant's treatment toward her drastically changed. Soon after Defendant became aware of her pregnancy, Plaintiff was told by Defendant that she was in violation of China's one-child policy.

---

[1] Encyclopedia Britannica, "One-Child Policy", Online Edition, 2016

13. Plaintiff was told by Defendant during her pregnancy that, because she was in violation of China's one-child policy, she was being ordered to transfer back to China before the baby was born. Plaintiff was told that her U.S. salary would stop July 1, 2015.

14. After Defendant became aware of Plaintiff's pregnancy, Plaintiff was told by Tiptop Energy and by the corporate parent, SIPC, that there would be repercussions for her pregnancy and for violating China's one-child policy. Both Defendant Tiptop Energy and parent SIPC told Plaintiff that she should resign her position.

15. After Defendant became aware of Plaintiff's pregnancy and ordered her to transfer back to China before the baby was born, Plaintiff received written instructions from her physician that she should not engage in overseas travel at that time in the late stage of her pregnancy. In response to receiving Plaintiff's physician's instructions, the Human Resources Manager at parent SIPC told Plaintiff that she needed to resign. Defendant again told Plaintiff that she would be penalized for the pregnancy and for having violated China's one-child policy.

16. On or about March, 2015, Plaintiff was demoted by Defendant Tiptop Energy from Financial Manager to general accountant because she and her husband have permanent United States resident immigration status and refused to surrender that status. Prior to the demotion, Plaintiff was told that if she and her husband would not give up their U.S. permanent resident status, Plaintiff would be demoted from Financial Manager to general accountant. Plaintiff and her husband did not give up their permanent resident status and she was demoted by Defendant.

17. After Defendant became aware of Plaintiff's pregnancy, and after ordering Plaintiff to transfer back to China before the baby was born, Defendant stopped all reimbursements for expenditures by Plaintiff. The expenditures with respect to which reimbursement was stopped including the lease payments on Plaintiff's residence, lease payments on Plaintiff's car, gas, cellphone bill, medical expenses, among others. Reimbursement for these expenditures had been agreed to be provided by Defendant as a condition of Plaintiff's employment and were ordinarily made within a couple of days from submittal.

18. Shortly after Defendant became aware of Plaintiff's pregnancy, the President of Tiptop Energy told the Company employees that there would be no bonuses paid to the Chinese employees of Tiptop Energy for 2015 because of Plaintiff's pregnancy and her violation of China's one-child policy. These actions caused Plaintiff to be isolated and ostracized by her co-workers and were done in retaliation for Plaintiff's opposition to the Defendant's discriminatory actions.

19. After Defendant became aware of Plaintiff's pregnancy, Tiptop Energy further retaliated against Plaintiff by taking work assignments away from her and by instructing Tiptop Energy employees to avoid her and not to engage with her. As a result, Plaintiff was ostracized and isolated by Tiptop Energy and its employees.

20. The actions by Defendant toward Plaintiff constitute discrimination and harassment against her on the basis of her pregnancy and her national origin. Defendant's actions jeopardized Plaintiff's health and caused complications during her pregnancy.

21. On or about June 26, 2015, Plaintiff informed Tiptop Energy's President, its Financial Manager and its Human Resource Manager that she had filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission (EEOC). The following week, on or about June 29, 2015, Tiptop Energy's President told Plaintiff that by making the conflict sharpened (by having filed a charge with the EEOC), her path would be blocked with any of the Sinopec companies. Sinopec is the Chinese parent corporation of SIPC which is the parent of Tiptop Energy.

22. On or about June 30, 2015, after Plaintiff had informed Defendant that she had filed a charge of discrimination with the EEOC, Tiptop Energy's Financial Manager sent an email notifying employees of his upcoming July vacation and identifying who should be responsible for what tasks with regard to work in his absence. Plaintiff was not referenced at all in this email even though the Financial Manager is Plaintiff's direct supervisor.

23. Following the birth of Plaintiff's second child on July 27, 2015, and as she had been warned by Tiptop Energy management and by the Human Resources Manager at corporate parent SIPC, Plaintiff was penalized for her pregnancy and for refusing to transfer back to China before the baby was born. Defendant encouraged Plaintiff's coworkers to isolate and avoid her. Plaintiff's work responsibilities were eliminated by Tiptop Energy. Plaintiff learned that, during her absence from work for maternity leave, she was assigned an unfavorable job performance evaluation by Defendant. Previous to her pregnancy with her second child, Plaintiff's job performance evaluations have been uniformly very favorable.

24.     Defendant refused to hold the Plaintiff's job for her during her maternity leave.  In retaliation against Plaintiff for having opposed the discrimination, Defendant assigned Plaintiff a poor evaluation so as to preclude her from obtaining another job in the parent company.  Defendant Tiptop Energy's President had warned Plaintiff that her path would be blocked with any of the parent company's companies as a result of her having filed the charges of discrimination.

Upon her return to work following maternity leave on January 4, 2016, Plaintiff was given no work assignments for the first two (2) weeks following her return.  Defendant's actions resulted in Plaintiff's continuing to be ostracized and isolated by Tiptop Energy and its other employees.

25.     Because of the Defendant's actions directed at Plaintiff because of her pregnancy and national origin, the conditions at work became intolerable for Plaintiff and required her separation from employment effective January 22, 2016.  Plaintiff notified Tiptop Energy's President that she would not be able to continue to come to work under the conditions she had been placed.  By their actions, Defendant constructively discharged Plaintiff from her employment.

26.     Plaintiff has filed timely charges of discrimination with the EEOC and has met all administrative prerequisites for the bringing of this action.  A notice of right to sue was issued by the EEOC on June 28, 2016.

COUNT I

Violation of The Civil Rights Act of 1964, Gender and National Origin Discrimination

27.     Plaintiff repeats and realleges paragraphs 1-26 here as if fully stated.

28. Plaintiff has been subjected to a hostile work environment and subjected to disparate treatment and retaliation, and has been constructively discharged from her employment because of her gender and, in particular, her pregnancy, and because of her national origin, in violation of Title VII of the Civil Rights Act of 1964. Because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

29. As a direct and proximate of the result of the actions of the Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of salary and of prospective benefits due to the Plaintiff, solely because of the Defendant's conduct.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) a declaration that the acts and practices of Defendant complained of in this Complaint are in violation of Title VII of the Civil Rights Act of 1964;

(b) injunctive relief ordered by the Court enjoining and permanently restraining these violations of Title VII by Defendant;

(c) an order of this Court directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory

    treatment, including but not limited to salary, pension, and other lost benefits, according to proof;

(d) award Plaintiff front pay, fringe benefits and other compensation;

(e) award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

(f) award punitive damages, according to proof;

(g) awarding Plaintiff the costs of this action together with reasonable attorney's fees as provided by §706(k) of Title VII, 42 U.S.C.A. §2000e-5(k), and by 25 O.S. §1350 H;

(h) trial by jury on all issues triable of right by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure (FRCP 38); and

(i) such other and further relief as the Court deems just and proper.

## COUNT II

### Violation of the State of Oklahoma Discrimination in Employment Act; Gender and National Origin Discrimination

30. Plaintiff repeats and realleges paragraphs 1-29 here as if fully stated.

31. Plaintiff has been subjected to a hostile work environment and subjected to disparate treatment and retaliation, and has been constructively discharged because of her gender and, in particular her pregnancy, and because of her national origin, in violation of Title 25 O.S. §1101 et seq., and because of such actions by Defendant, she has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

32. As a direct and proximate result of the above-described actions of the Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of salary and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment against Defendant, as follows:

(a) a declaration that the acts and practices of Defendant complained of in this Complaint are in violation of Title 25 O.S. §1101 et seq.

(b) injunctive relief ordered by the Court enjoining and permanently restraining these violations of the Oklahoma Discrimination in Employment Act by Defendant;

(c) an order of this Court directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and marking her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to salary, pension, and other lost benefits, according to proof;

(d) award Plaintiff front pay, fringe benefits and other compensation;

(e) award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

(f) punitive damages, according to proof;

    (g) awarding Plaintiff the costs of this action together with reasonable attorney's fees as provided by Title 25 O.S. §1350;

    (h) trial by jury; and

    (i) such other and further relief as the Court deems just and proper.


    s/ J. Kelly Work
    J. Kelly Work, OBA #9888
    105 North Hudson, Suite 304
    Oklahoma City, Oklahoma 73102
    Telephone: 405/232-2790
    Facsimile: 405/232-3966
    E-mail: jkwork225@gmail.com
    Attorney for Plaintiff Jidong Zhang

**ATTORNEY'S LIEN CLAIMED**