IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIDONG ZHANG )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>TIPTOP ENERGY PRODUCTION )<br>U.S., LLC, a limited liability company, )<br>)<br>)<br>DEFENDANT. ) | CASE NO. CIV-16-1044-D |

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS IN PART**

Plaintiff Jidong Zhang comes before the Court for her response to the Defendant's Motion to Dismiss her claim for national origin discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. §2000(e), et seq. and the Oklahoma Anti-Discrimination Act ("the O.A.D.A"), 25 O.S. §1101, et seq. Plaintiff Jidong Zhang states in opposition to the Motion to Dismiss as follows:

Jidong Zhang has plead sufficient facts to make out a cognizable intersectional claim of gender (pregnancy-based) plus national origin (Chinese) discrimination, which can exist without proof of discrimination against Chinese males or against non-Chinese pregnant females or against Chinese non-pregnant females. The discrimination alleged in the Complaint cannot be fully attributed to pregnancy because it is also inseparably related to Jidong Zhang's national origin as Chinese. To view it otherwise would be disregarding the reality of Jidong

Zhang's situation.  The actions alleged to have been done by Defendant Tiptop Energy were based on her pregnancy and her Chinese origin.  The discrimination alleged cannot be fully attributed to pregnancy or national origin exclusively.  It may be viewed instead as an intersection of legally prohibited discrimination based on pregnancy and national origin.

ARGUMENT AND AUTHORITIES

Title VII prohibits discrimination not just because of one protected trait (e.g., pregnancy), but also because of the intersection of two or more protected bases (e.g., pregnancy and national origin).  For example, Title VII prohibits discrimination against African American women even if the employer does not discriminate against white women or African American men.  *See Jefferies v. Harris Cnty. Comm'n Action Ass'n*, 615 F.2d 1025, 1032-34 (5th Cir. 1980) ("We hold that when a Title VII plaintiff alleges that an employer discriminates against black females, the fact that black males and white females are not subject to discrimination is irrelevant").  Likewise, Title VII protects Asian-American women from discrimination based on stereotypes and assumptions about them "even in the absence of discrimination against Asian-American men or white women." *Lam v. University of Hawaii*, 40 F.3d 1551, 1561-62 (9th Cir. 1994) (holding that the lower court erred when it treated the claim of an Asian woman in terms of race or sex separately; the lower court should have considered whether discrimination occurred because of the Plaintiff's combined race and sex).

In *Hicks v. Gates Rubber Co.*, 833 F.2d 1406 (10th Cir. 1987), the Tenth Circuit agreed that the Fifth Circuit's *Jefferies* ruling is correct. In *Jefferies*, the Fifth Circuit concluded that "discrimination against black females [could] exist even in the absence of discrimination against black men or white women." *Jefferies*, 615 F.2d at 1032. In *Hicks*, the Tenth Circuit held that in determining the pervasiveness of harassment, the district court may aggregate evidence of racial hostility with evidence of sexual hostility. *Hicks*, 833 F.2d at 1416.

In *Jeffers v. Thompson*, 264 F.Supp.2d 314, 326 (D. Md. 2003) the federal district court recognized that "sex and race can 'fuse inextricably' so that 'made flesh in a person, they indivisibly intermingle.'"

In 1971, the U.S. Supreme Court established in *Phillips v. Martin Marietta Corp.* that employers could not discriminate based on "sex plus a 'neutral factor.'" 400 U.S. 542; 91 S. Ct. 496; 27 L. Ed. 2d 613 (1971). In *Phillips*, the neutral factor was motherhood; Martin Marietta Corp. was found to be wrongfully discriminating against women with children in ways that they did not discriminate against childless women or men with children.

Jidong Zhang's Complaint contains sufficient factual allegations "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombley*). The facts alleged in the Complaint based on pregnancy plus national origin state claims

that Tiptop Energy's actions had the purpose or effect of discriminating against Jidong Zhang based on her pregnancy and national origin.

Title VII provides a remedy against employment discrimination on the basis of an employee's "race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a). The Act prohibits employment discrimination based on any of the named characteristics, whether individually or in combination. *Jeffers v. Thompson*, *supra*, 264 F.Supp.2d at 326, citing *Lam v. University of Hawaii*, *supra*, ("[W]here two bases for discrimination exist, they cannot be neatly reduced to distinct components."); and, *Jefferies v. Harris Cnty. Cmty. Action Ass'n*, *supra*, ("[D]iscrimination against black females can exist even in the absence of discrimination against black men or white women… the use of the word 'or' evidences Congress' intent to prohibit employment discrimination based on any or all listed characteristics"). 264 F. Supp. at 326.

As the Ninth Circuit Court of Appeals recognized in Lam v. University of Hawaii, supra, where two bases for discrimination exist, they cannot be neatly reduced to distinct components. *Lam*, 40 F. 3d. 1551, 1562. When, as here, Jidong Zhang is claiming pregnancy and national origin discrimination, it is necessary to determine whether the employer discriminates on the basis of that *combination* of factors, not just whether it discriminates against women who are pregnant or of the same national origin. See *Lam v. University of Hawaii*, *supra*.

## CONCLUSION

For the reasons set forth above, Tiptop Energy's Motion to Dismiss should be denied.

Dated: October 28, 2016

                                      s/ J. Kelly Work
                                      J. Kelly Work, OBA #9888
                                      105 North Hudson, Suite 304
                                      Oklahoma City, Oklahoma  73102
                                      Telephone:  405/232-2790
                                      Facsimile:  405/232-3966
                                      E-mail:  jkwork225@gmail.com
                                      ***Attorney for Plaintiff Jidong Zhang***

## CERTIFICATE OF SERVICE

      I hereby certify that on the 28th day of October, 2016, I electronically transmitted the attached *Plaintiff's Response to Defendant's Motion to Dismiss in Part and Brief in Opposition* to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Paige Hoster Good, OBA No. 31595
Timothy J. Bomhoff, OBA No. 13172
McAFEE & TAFT, P.C.
Tenth Floor, Two Leadership Square
211 N. Robinson Avenue
Oklahoma City, Oklahoma 73102
***Attorneys for Defendant Tiptop Energy Production U.S., LLC***

J. Meghan Nylin
Marc H. Klein
THOMPSON & KNIGHT, LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
***Attorneys for Defendant Tiptop Energy Production U.S., LLC***

                                                /s/ J. Kelly Work