IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JIDONG ZHANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-1044-D |
| | ) | |
| TIPTOP ENERGY PRODUCTION U.S., LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Defendant's Motion to Dismiss in Part [Doc. No. 11], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded in opposition to the Motion, which is fully briefed.

Plaintiff is a female former employee of Defendant in Oklahoma, who allegedly was a victim of discrimination because of pregnancy and her Chinese national origin. She brings suit under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101 *et seq*. Plaintiff claims she was subjected to adverse employment actions by Defendant – alleged to be a United States subsidiary of an oil company owned by the Chinese government – which were designed to enforce China's one-child policy. Plaintiff also claims Defendant retaliated against her for filing an EEOC charge and opposing discrimination, which resulted in her constructive discharge in January 2016.

By the instant Motion, Defendant challenges only the sufficiency of the Complaint to state a claim of national origin discrimination; Defendant does not seek dismissal of claims

of gender discrimination or retaliation. Defendant argues that Plaintiff fails to allege all elements of a *prima facie case* of discrimination based on her Chinese national origin because she does not state any facts to show she was treated less favorably than non-Chinese employees. Defendant also argues that the factual allegations of the Complaint show only discrimination based on citizenship and alienage, which are not statutorily protected classifications. In support of this argument, Defendant points to allegations of the Complaint stating that Plaintiff was demoted from a position of financial manager to general accountant in March 2015 because she and her husband refused to give up their permanent resident status under United States immigration law. *See* Compl. [Doc. No. 1], ¶ 16.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Determining the sufficiency of a complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950; *see Robbins*, 519 F.3d at 1248 (degree of specificity needed to establish plausibility "depends on context"). The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to

establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

**Discussion**

The asserted grounds for dismissal of Plaintiff's national origin discrimination claim are two-fold. Defendant first asserts that Plaintiff fails to allege sufficient facts to establish a *prima facie* case under the burden-shifting analysis of *McDonnell Douglas v. Green*, 411 U.S. 792, 802-04 (1973). *See* Def.'s Mot. Dismiss [Doc. No. 11], pp.3-4; Reply Br. [Doc. No. 17], p.3. Defendant argues that the Complaint contains no allegation that Plaintiff was treated less favorably than non-Chinese employees, or even non-Chinese women. From this, Defendant asserts that Plaintiff fails to allege sufficient facts from which a reasonable inference of discrimination based on Chinese national origin can be drawn.

The Supreme Court has held that *McDonnell Douglas* established an evidentiary standard and not a pleading requirement; it need not be satisfied in order to state a discrimination claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). This holding is unaffected by recent decisions regarding Rule 12(b)(6). *See Twombly*, 550 U.S. at 569-70 (finding the plausibility standard to be consistent with *Swierkiewicz*); *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint"). However, "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1192.

Upon consideration of Plaintiff's pleading, the Court finds that the Complaint contains sufficient factual allegations to state a plausible claim that Defendant discriminated against Plaintiff based on her national origin and her gender or pregnancy.[1] The Complaint contains numerous statements, which must be accepted as true, regarding adverse actions taken by Defendant after learning Plaintiff was pregnant with her second child and stating she was in violation of China's one-child policy. A reasonable inference may be drawn from Plaintiff's factual allegations that Defendant's actions against her were motivated by her Chinese national origin and her pregnancy. The Court finds that the Complaint gives Defendant fair notice, as required by Rule 8(a), of Plaintiff's claim of national origin and pregnancy discrimination and the ground upon which it rests. *See Khalik*, 671 F.3d at 1193; *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Second, Defendant asserts that discrimination based on citizenship or alienage is not prohibited by Title VII or state law, and that Plaintiff expressly alleges she was demoted because she would not give up her federal immigration status. In making this argument, Defendant focuses on a single allegation, isolated from the remainder of the Complaint. Viewed in context of the remaining allegations, Plaintiff's statement that she was penalized for refusing to surrender her permanent resident status provides support for the claim that Defendant ordered Plaintiff to transfer back to China before the birth of her child but she

---

[1] Plaintiff's claim is that Defendant was motivated by both pregnancy and her Chinese national origin. This type of claim, in which two protected classes combine to produce discrimination prohibited by Title VII, has been expressly approved by the Tenth Circuit. *See Hicks v. Gates*, 833 F.2d 1406, (10th Cir. 1987) ("We are persuaded that the *Jeffries* ruling is correct.") (discussing *Jeffries v. Harris Cty. Cmty. Action Ass'n*, 615 F.2d 1025, 1032 (5th Cir. 1980)). This is different from a "gender-plus" discrimination claim discussed in *Coleman v. B-G Maintenance Management of Colo., Inc.*, 108 F.3d 1199, 1203 (10th Cir. 1997), in which discrimination against a subclass of women (such as married women) is alleged.

4

refused to return to China (based on a physician's instructions not to engage in overseas travel), and Defendant then demoted Plaintiff and stopped paying her living expenses in the United States. *See* Compl. [Doc. No.1], ¶¶ 12-17. Viewing the Complaint as a whole, the Court finds that Plaintiff adequately alleges Defendant engaged in employment discrimination based on Plaintiff's national origin, and not merely citizenship or alienage.

## Conclusion

For these reasons, the Court finds that the Complaint is sufficient to state a plausible claim of national origin discrimination.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss in Part [Doc. No. 11] is DENIED.

IT IS SO ORDERED this 30th day of November, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE