# EXHIBIT A

**Nylin, Meghan**

| | |
|---|---|
| From: | Kelly Work <jkwork225@gmail.com> |
| Sent: | Monday, July 16, 2018 5:04 PM |
| To: | Nylin, Meghan |
| Cc: | Klein, Marc H. |
| Subject: | Re: Zhang v. Tiptop Energy |

Meghan,

Here is another case that holds that attorney billing records are not relevant until the plaintiff has become a prevailing party:

***Stevens v. Dewitt County***, 2013 U.S. Dist. LEXIS 30381, *5-6 (C.D. Ill. 2013).  Citing the Johnson v. Bridges of Indiana, Inc. case I referenced in my earlier email

Stevens' costs and attorney fees will only become relevant if and when she becomes a prevailing party. See Johnson v. Bridges of Indiana, Inc., 2011 U.S. Dist. LEXIS 28320, 2011 WL 977561, at *2 (S.D. Ind. March 17, 2011). If she is the prevailing party, she will be required to follow the statutes and rules in seeking costs and  [*6] fees and provide appropriate supporting material. Buehnerkemper will then have an opportunity to challenge those requests at that time, again, only if Stevens prevails. See 28 U.S.C. §§ 1920, 1988; Fed. R. Civ. P. 54(d); Local Rule 54.1. At this point, however, information about her costs and attorney fees is not relevant to her claims or to defenses to those claims, and is not reasonably calculated to lead to admissible evidence.

------------------------------------

Kelly


On Fri, Jul 13, 2018 at 12:01 PM, Nylin, Meghan <Meghan.Nylin@tklaw.com> wrote:

> Kelly,
>
> I wanted to follow up with you regarding whether you will agree to produce redacted fee statements.  Thank you.
>
>
> Sincerely,
>
>
> Meghan Nylin
>
> Thompson & Knight LLP
>
> 1722 Routh Street, Suite 1500

1

Dallas, Texas 75201-2533

Phone:  (214) 969-1172

Fax:  (214) 880-3133

meghan.nylin@tklaw.com

**From:** Kelly Work <jkwork225@gmail.com>
**Sent:** Tuesday, July 10, 2018 2:51 PM

**To:** Nylin, Meghan <Meghan.Nylin@tklaw.com>
**Cc:** Klein, Marc H. <Marc.Klein@tklaw.com>
**Subject:** Re: Zhang v. Tiptop Energy

Meghan,

I will review these cases you've cited and will reply back to you.

Sincerely,

Kelly

On Tue, Jul 10, 2018 at 1:50 PM, Nylin, Meghan <Meghan.Nylin@tklaw.com> wrote:

> Kelly,
>
> Thank you for agreeing to produce the fee agreement.  We disagree that the bills are irrelevant.  Courts have routinely ordered production of redacted bills when a plaintiff has a claim for attorney's fees.  *See, e.g.*, *Pharmerica Long-Term Care, Inc. v. Infinia Healthcare Cos.*, No. 2:09-cv-600, 2010 WL 3064395, at *14 (D. Utah July 30, 2010) (ordering production of invoices but permitting the party to redact "portions of any statement or document which reveal privileged communication or legal advice"); *Crispin Co. v. Petrotub-S.A.*, No. Civ.-05-159-C, 2006 WL 2472878, at *3 (W.D. Okla. Aug. 24, 2006) (ordering production of redacted legal bills); *see also, e.g., Team Sys., Int'l, LLC v. Haozous*, 706 F. App'x 463, 465-66 (10th Cir. 2017) (affirming a district court's decision to conduct in camera review of unredacted legal invoices in determining amount of attorney's fees award but noting that party had produced redacted legal invoices in support of its request for attorney's fees).  We would request that you produce the bills but redact any description that may include privileged information.  Please let us know whether you will agree to do so or whether we need to proceed with our motion.  Thank you.

2

Sincerely,

Meghan Nylin

Thompson & Knight LLP

1722 Routh Street, Suite 1500

Dallas, Texas 75201-2533

Phone:  (214) 969-1172

Fax:  (214) 880-3133

meghan.nylin@tklaw.com

**From:** Kelly Work <jkwork225@gmail.com>
**Sent:** Tuesday, July 10, 2018 11:48 AM
**To:** Nylin, Meghan <Meghan.Nylin@tklaw.com>
**Cc:** Klein, Marc H. <Marc.Klein@tklaw.com>
**Subject:** Re: Zhang v. Tiptop Energy

Meghan,

In an effort to resolve the issue you raise regarding the fee agreement and the billing records, we would be willing to produce the fee agreement, which would include hourly rate information, however, because Ms. Zhang has not yet become a prevailing party, the billing records are not relevant to any claim Ms. Zhang has raised against Tiptop, nor are they relevant to any defense that Tiptop might raise.  At this stage of the active litigation, Ms. Zhang would have no claim for attorney's fees.  Therefore, the billing records are not relevant to any claim or defense.

Furthermore,  the billing records are protected by attorney-client privilege and the attorney work product doctrine.  Billing records describing the services performed for the client may reveal the nature of services provided or contemplated, strategies to be employed, issues researched (or efforts not taken), names and dates of persons met or spoken with, and other confidential information exchanged during the course of the litigation.  The demand for billing records constitutes an unjustified intrusion into the attorney-client relationship.

3

The Jayhawk Capital Management v LSB Industries case the you cited (2010 WL 11564949) is inapposite.  In that case, the plaintiffs failed to timely object to the requested production and made no attempt to excuse their untimely objection.  Further, in their response, the plaintiffs did not claim the information sought was privileged.

Please let me know if you can agree to accept the offer to produce the fee agreement, made in an effort to resolve the issue and avoid a costly discovery squabble.

Sincerely,

Kelly

On Mon, Jul 9, 2018 at 1:41 PM, Nylin, Meghan <Meghan.Nylin@tklaw.com> wrote:

Kelly,

We intend to move to compel production of Ms. Zhang's attorney's fees agreement and a redacted copies of attorney bills, as well as an answer to the deposition question I asked regarding payment to attorneys.  Can you please let us know if you are opposed or if you would produce such documents and provide an answer to our inquiry regarding payment?  Thank you.

Sincerely,

Meghan Nylin

Thompson & Knight LLP

1722 Routh Street, Suite 1500

Dallas, Texas 75201-2533

Phone:  (214) 969-1172

Fax:  (214) 880-3133

meghan.nylin@tklaw.com

4

--

J. Kelly Work

Attorney at Law

105 N. Hudson, Suite 304

Oklahoma City, OK  73102
(405) 232-2790

jkwork225@gmail.com

This message is sent by J. Kelly Work, Attorney at Law, and may contain information that is privileged or confidential.  If you received this message in error, please notify the sender by reply email and delete the message and any attachments.

--

J. Kelly Work

Attorney at Law

105 N. Hudson, Suite 304

Oklahoma City, OK  73102
(405) 232-2790

jkwork225@gmail.com

This message is sent by J. Kelly Work, Attorney at Law, and may contain information that is privileged or confidential.  If you received this message in error, please notify the sender by reply email and delete the message and any attachments.

--

5

J. Kelly Work
Attorney at Law
105 N. Hudson, Suite 304
Oklahoma City, OK  73102
(405) 232-2790
jkwork225@gmail.com

This message is sent by J. Kelly Work, Attorney at Law, and may contain information that is privileged or confidential.  If you received this message in error, please notify the sender by reply email and delete the message and any attachments.

**Nylin, Meghan**
___

| | |
|---|---|
| **From:** | Kelly Work <jkwork225@gmail.com> |
| **Sent:** | Monday, July 16, 2018 4:38 PM |
| **To:** | Nylin, Meghan |
| **Cc:** | Klein, Marc H. |
| **Subject:** | Re: Zhang v. Tiptop Energy |

Meghan,

Here are some cases I would offer in support of our position that our billing records are not discoverable at this time:

Johnson v. Bridges of Indiana, Inc., 2011 WL 977561 (SD Ind. Mar. 17, 2011), denying a motion to compel billing records as irrelevant and, production would disclose the attorney's impressions, conclusions, opinions, and legal theories, contrary to Rule 26 (b) (3) (B).  This situation is similar to our case.

Ehrich v. Binghamton City Sch. Dist., 210 F.R.D. 17, 20-23 (NDNY 2002)  Attorney billing statements are subject to the attorney-client privilege and protected to the extent that they reveal more than client identity and fee information.

State ex rel. Dawson v. Bloom-Carroll Local Sch. Dist., 959 NE 2nd 524, 529-30, Descriptions of legal services performed by counsel for a client are protected by the attorney-client privilege because they "represent communications from the attorney to the client about matters for which the attorney has been retained by the client."

Chaudry v. Gallerizzo, 174 F.3rd 394, 403 (4th Cir. 1999) holding billing records constituted attorney-client and work-product privileged communications because they revealed legal research, including the identity of federal statutes researched, which would divulge confidential information regarding legal advice.

As in the Johnson v. Bridges of Indiana case, my understanding of the practice in the West. Dist. of Oklahoma is for the court to establish an appropriate fee after the Plaintiff has prevailed at trial.  Ms. Zhang has not yet become a "prevailing party".   At this stage of the proceedings, she has no claim for attorney's fees.   For that reason, the billing records are not relevant to any party's claim or defense and are not yet discoverable.


Perhaps you can explain what exactly you are seeking to discover with this request at this time that would not be privileged communication.  I will be happy to discuss with you by phone when convenient.

Sincerely,

Kelly



On Fri, Jul 13, 2018 at 12:01 PM, Nylin, Meghan <Meghan.Nylin@tklaw.com> wrote:

Kelly,

I wanted to follow up with you regarding whether you will agree to produce redacted fee statements.  Thank you.

Sincerely,

Meghan Nylin

Thompson & Knight LLP

1722 Routh Street, Suite 1500

Dallas, Texas 75201-2533

Phone:  (214) 969-1172

Fax:  (214) 880-3133

meghan.nylin@tklaw.com

> **From:** Kelly Work <jkwork225@gmail.com>
> **Sent:** Tuesday, July 10, 2018 2:51 PM

**To:** Nylin, Meghan <Meghan.Nylin@tklaw.com>
**Cc:** Klein, Marc H. <Marc.Klein@tklaw.com>
**Subject:** Re: Zhang v. Tiptop Energy

> Meghan,
>
> I will review these cases you've cited and will reply back to you.
>
> Sincerely,
>
> Kelly

On Tue, Jul 10, 2018 at 1:50 PM, Nylin, Meghan <Meghan.Nylin@tklaw.com> wrote:

Kelly,

Thank you for agreeing to produce the fee agreement.  We disagree that the bills are irrelevant.  Courts have routinely ordered production of redacted bills when a plaintiff has a claim for attorney's fees.  *See, e.g.*, *Pharmerica Long-Term Care, Inc. v. Infinia Healthcare Cos.*, No. 2:09-cv-600, 2010 WL 3064395, at *14 (D. Utah July 30, 2010) (ordering production of invoices but permitting the party to redact "portions of any statement or document which reveal privileged communication or legal advice"); *Crispin Co. v. Petrotub-S.A.*, No. Civ.-05-159-C, 2006 WL 2472878, at *3 (W.D. Okla. Aug. 24, 2006) (ordering production of redacted legal bills); *see also, e.g., Team Sys., Int'l, LLC v. Haozous*, 706 F. App'x 463, 465-66 (10th Cir. 2017) (affirming a district court's decision to conduct in camera review of unredacted legal invoices in determining amount of attorney's fees award but noting that party had produced redacted legal invoices in support of its request for attorney's fees).  We would request that you produce the bills but redact any description that may include privileged information.  Please let us know whether you will agree to do so or whether we need to proceed with our motion.  Thank you.

Sincerely,

Meghan Nylin

Thompson & Knight LLP

1722 Routh Street, Suite 1500

Dallas, Texas 75201-2533

Phone:  (214) 969-1172

Fax:  (214) 880-3133

meghan.nylin@tklaw.com

> **From:** Kelly Work <jkwork225@gmail.com>
> **Sent:** Tuesday, July 10, 2018 11:48 AM
> **To:** Nylin, Meghan <Meghan.Nylin@tklaw.com>
> **Cc:** Klein, Marc H. <Marc.Klein@tklaw.com>
> **Subject:** Re: Zhang v. Tiptop Energy
>
>
> Meghan,

In an effort to resolve the issue you raise regarding the fee agreement and the billing records, we would be willing to produce the fee agreement, which would include hourly rate information, however, because Ms. Zhang has not yet become a prevailing party, the billing records are not relevant to any claim Ms. Zhang has raised against Tiptop, nor are they relevant to any defense that Tiptop might raise.  At this stage of the active litigation, Ms. Zhang would have no claim for attorney's fees.  Therefore, the billing records are not relevant to any claim or defense.

Furthermore, the billing records are protected by attorney-client privilege and the attorney work product doctrine.  Billing records describing the services performed for the client may reveal the nature of services provided or contemplated, strategies to be employed, issues researched (or efforts not taken), names and dates of persons met or spoken with, and other confidential information exchanged during the course of the litigation.  The demand for billing records constitutes an unjustified intrusion into the attorney-client relationship.

The Jayhawk Capital Management v LSB Industries case the you cited (2010 WL 11564949) is inapposite.  In that case, the plaintiffs failed to timely object to the requested production and made no attempt to excuse their untimely objection.  Further, in their response, the plaintiffs did not claim the information sought was privileged.

Please let me know if you can agree to accept the offer to produce the fee agreement, made in an effort to resolve the issue and avoid a costly discovery squabble.

Sincerely,

Kelly

On Mon, Jul 9, 2018 at 1:41 PM, Nylin, Meghan <Meghan.Nylin@tklaw.com> wrote:

Kelly,

We intend to move to compel production of Ms. Zhang's attorney's fees agreement and a redacted copies of attorney bills, as well as an answer to the deposition question I asked regarding payment to attorneys.  Can you please let us know if you are opposed or if you would produce such documents and provide an answer to our inquiry regarding payment?  Thank you.

4

Sincerely,

Meghan Nylin

Thompson & Knight LLP

1722 Routh Street, Suite 1500

Dallas, Texas 75201-2533

Phone:  (214) 969-1172

Fax:  (214) 880-3133

meghan.nylin@tklaw.com

--

J. Kelly Work

Attorney at Law

105 N. Hudson, Suite 304

Oklahoma City, OK  73102
(405) 232-2790

jkwork225@gmail.com

This message is sent by J. Kelly Work, Attorney at Law, and may contain information that is privileged or confidential.  If you received this message in error, please notify the sender by reply email and delete the message and any attachments.

--

J. Kelly Work

> Attorney at Law
>
> 105 N. Hudson, Suite 304
>
> Oklahoma City, OK  73102
> (405) 232-2790
>
> jkwork225@gmail.com
>
> This message is sent by J. Kelly Work, Attorney at Law, and may contain information that is privileged or confidential.  If you received this message in error, please notify the sender by reply email and delete the message and any attachments.


--
J. Kelly Work
Attorney at Law
105 N. Hudson, Suite 304
Oklahoma City, OK  73102
(405) 232-2790
jkwork225@gmail.com

This message is sent by J. Kelly Work, Attorney at Law, and may contain information that is privileged or confidential.  If you received this message in error, please notify the sender by reply email and delete the message and any attachments.