**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JIDONG ZHANG | ) |
| | ) |
| PLAINTIFF, | ) CASE NO. CIV-16-1044-D |
| | ) |
| v. | ) |
| | ) |
| TIPTOP ENERGY PRODUCTION | ) |
| U.S., LLC, a limited liability company, | ) |
| | ) |
| | ) |
| DEFENDANT. | ) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

TO:   Tiptop Energy Production U.S., LLC
      c/o Marc H. Klein
      THOMPSON & KNIGHT, LLP
      1722 Routh Street, Suite 1500
      Dallas, Texas 75201

Plaintiff, Jidong Zhang by and through her attorney, J. Kelly Work, submits Plaintiff's First Set of Interrogatories to Defendant, pursuant to Federal Rule of Civil Procedure 33.  These interrogatories and requests are to be answered separately and fully within thirty (30) days of service upon you.

**REQUEST FOR INTERROGATORIES**

**INSTRUCTIONS**

1.    Defendant must answer these interrogatories with all information known or possessed by Defendant, as well as all information accessible through a reasonable investigation by Defendant or Defendant's representatives, agents, assigns, attorneys,

# EXHIBIT 5

employees, divisions, departments, agencies, and all other persons acting or purporting to act on its behalf.

2. Defendant must answer each interrogatory separately and completely. If Defendant is unable to answer each interrogatory completely, Defendant must state whatever information, knowledge, or belief Defendant does have, and Defendant must state the reasons for the inability to answer the remainder.

3. All objections and answers to interrogatories that fail or refuse to fully respond on the ground of any claim of privilege of any kind shall state the claim of privilege expressly. Defendant shall accompany any objections and answers to interrogatories not fully answered with a privilege log that describes the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable Plaintiff to assess the claim.

4. Wherever appropriate, the singular of a word should be interpreted in the plural.

5. "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed outside the scope.

7. These interrogatories shall be deemed continuing, so as to require further and supplemental answers in the event that Defendant becomes aware of any information or knowledge responsive to or called for by the interrogatory between the time of initial answer and the time of hearing or trial.

## DEFINITIONS

1. "Date" means the day, month and year, and if no exact date is known, an approximate date.

2. "Defendant" as used herein, means Tiptop Energy Production U.S., LLC, ("Tiptop Energy") and its representatives, agents, assigns, attorneys, employees, divisions, departments, agencies, and all other persons acting or purporting to act on its behalf.

3. "SIPC" as used herein, means Sinopec International Petroleum Exploration and Production Corporation, the parent company of Tiptop Energy, its representatives, agents, assigns, attorneys, employees, divisions, departments, agencies, and all other persons acting or purporting to act on its behalf.

4. "Document," as used herein, shall include all tangible and nontangible things by which human communication is transmitted or stored, including but not limited to, all originals and non-identical copies (whether by reason of alterations or of marginal notes), however produced or reproduced, whether in draft or final, original or reproduction.  Tape or other electronic data compilations from which information can be obtained shall be translated by the responding party through an appropriate device into usable form.  Without limiting the foregoing, the term "document" includes the following: correspondence, memoranda, notes, jottings, books, records, reports, surveys, studies, analyses, films, videotapes, recordings, transcriptions of verbal conversations or statements however made, business forms, labels, papers or forms filed with courts or other governmental bodies, notices, messages, calendar and diary entries, appointment

books and minutes and other formal or informal memoranda of meetings. Also included in the term "documents" are all attachments, enclosures or other documents that are attached to, relate to, or refer to such designated documents. **For the purposes of these interrogatories, the term "document" also includes electronically stored information.**

5. "Electronically stored information" includes, but is not limited to, electronic files, documents, and communications on desktop and laptop computers, emails, electronic information stored on network servers, removable drives, portable storage media (CD's, DVD's, flash drives, disks, etc.), backup tapes, PDA's and smartphones (e.g., iPhones, Android phones, etc.), third party hosts, including ISP's, fax machines, voicemail, and digital cameras.

6. "Identify" and "identity," including their various forms, when used with respect to any document means to provide:

        a.    the title of the document;

        b.    a brief description of the document;

        c.    the identity of the author(s) of the document; and

        d.    the date the document was created.

Providing the document itself may not satisfy all of the above requirements for identification and such information shall still be provided in response to these interrogatories.

7. "Identify" and "identity," including their various forms, when used with respect to any natural person, means to state the person's:

4

   a. full and customarily used names;

   b. social security number;

   c. date of birth;

   d. last known address of residence and telephone number; and

   e. last known business address and business telephone number.

 8. "Person," "persons," "people," "individual," and "individuals" shall mean each and every natural person, corporation, municipal corporation, department, agency, association, partnership, joint venture, organization or any other entity of all types and natures, whether real or judicial or incorporated or unincorporated, encompassed with the usual and customary meaning of these terms or otherwise encompassed within this definition.

 9. "Plaintiff," as used herein means Jidong Zhang, her representatives, agents, assigns, attorneys and all other persons acting or purporting to act on her behalf.

 10. "Regarding," "in regard to," "showing," "related to," "referring to," "relating to," "in reference to," "concerning," and "in connection with," including various forms of these words, means: to consist of, refer to, reflect or be in any way logically, legally, or factually connected with the matter discussed.

 11. The terms "you," "your," or "Defendant," as used herein, shall mean Defendant Tiptop Energy Production U.S., LLC and its servants, agents, employees, representatives, divisions, attorneys, and anyone else acting on its behalf.

 12. The term "Complaint," as used herein, shall mean the Complaint for damages on file in this action.

13. The term "personnel file," as used herein, shall include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, compensation and other similar records.

14. If any document is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such document, so as to aid the Court and the parties hereto in determining the validity of the claim of privilege or other protection:

>   (a) The identity of the person(s) who prepared the document and who signed the document, and over whose name it was sent or issued;
>
>   (b) The identity of the person(s) to whom the document was directed;
>
>   (c) The nature and substance of the document, with sufficient particularity to enable the Court and the parties thereto to identify the document;
>
>   (d) The date of the document;
>
>   (e) The identity of the person(s) who has (have) custody of, or control over, the document and each copy thereof;
>
>   (f) The identity of each person to whom a copy of the document was furnished;
>
>   (g) The number of pages of the document;
>
>   (h) The basis on which any privilege or other protection is claimed; and

(i) Whether any non-privileged or non-protected matter is included in the document.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify, as described in the instructions above, all persons who you believe have knowledge relating to any claims or defenses in this lawsuit, and for each person, state the facts you believe he or she knows.

**INTERROGATORY NO. 2:** Identify all compensation Plaintiff was receiving from Defendant and SIPC as of January 21, 2016, including Plaintiff's rate of pay, any bonuses, and any other compensation.

**INTERROGATORY NO. 3:** Identify the individual(s) who decided to direct Plaintiff to transfer or return to China after Tiptop Energy learned of her pregnancy and state all reasons for this decision.

**INTERROGATORY NO. 4:** Identify when Tiptop Energy, or anyone, decided to return or transfer Plaintiff back to China and explain the reason for the decision.

**INTERROGATORY NO. 5:** Identify the supervisors and executives who took part in the decision to direct Plaintiff to transfer or return to China, indicating the role each played.

**INTERROGATORY NO. 6:** Identify and explain when Tiptop Energy received notice of the Plaintiff's charge of discrimination from the EEOC.

**INTERROGATORY NO. 7:** Identify and explain what was communicated to Plaintiff by Tiptop Energy President Zhongying Wang regarding her charge of discrimination after he learned of it.

**INTERROGATORY NO. 8:**  Identify and explain what Tiptop Energy employees (other than Plaintiff) were told about Plaintiff's pregnancy and how they should respond to the situation and to her.

**INTERROGATORY NO. 9:**  Identify and explain whether Tiptop Energy employees were told that there would be no bonuses for 2015 because of Plaintiff's pregnancy and her violation of China's one-child policy.  If so, what were they told, and by whom?

**INTERROGATORY NO. 10:**  List the supervisors and executives who took part in the decision to advise Tiptop Energy employees about Plaintiff's pregnancy and how they should respond, indicating the role each played.

**INTERROGATORY NO. 11:**  Identify and explain whether Plaintiff was subjected to a change in title, job requirements, job duties, work hours, or performance standards after her return to work following her maternity leave.

**INTERROGATORY NO. 12:**  Identify and explain whether Tiptop Energy determined and/or informed the Plaintiff that her job performance was unsatisfactory <u>before</u> Tiptop Energy learned of Plaintiff's charge of discrimination.  If so, state what aspect of the Plaintiff's job performance was unsatisfactory.

**INTERROGATORY NO. 13:**  Identify and explain whether Tiptop Energy determined and/or informed the Plaintiff that her job performance was unsatisfactory <u>after</u> Tiptop Energy learned of Plaintiff's charge of discrimination.  If so, state what aspect of the Plaintiff's job performance was unsatisfactory.

**INTERROGATORY NO. 14:** Identify and explain the reasons for determining that the Plaintiff's job performance declined after the date Tiptop Energy learned of Plaintiff's pregnancy.

**INTERROGATORY NO. 15:** Identify and explain whether Plaintiff was subjected to increased surveillance or monitoring of work habits after the date Tiptop Energy learned of her pregnancy. If so, explain the reasons for such increased surveillance or monitoring and state whether any other employee was subjected to similar surveillance or monitoring. If so, provide that employee's name, title, dates and reasons for the increased surveillance or monitoring.

**INTERROGATORY NO. 16:** Identify and explain each business reason Tiptop Energy claims justifies that directive to Plaintiff to transfer or return to China after the date Tiptop Energy learned of Plaintiff's pregnancy. Explain how and why Plaintiff was chosen to be affected by the implementation of the decision. Identify when the decision was made and when it was implemented.

**INTERROGATORY NO. 17:** Identify and explain when Tiptop Energy first learned of the Plaintiff's claim of discrimination.

**INTERROGATORY NO. 18:** Identify any person(s) that may testify at the trial of this action as an expert witness.

**INTERROGATORY NO. 19:** Identify the subject matter and substance of any such expert testimony.

**INTERROGATORY NO. 20:** Identify and explain the reasons for Plaintiff's separation from employment with Tiptop Energy and/or SIPC.

**INTERROGATORY NO. 21:** Identify and explain whether Plaintiff's employment with Tiptop Energy and/or SIPC was terminated and, if so, when, by whom, and for what reason.

**INTERROGATORY NO. 22:** Identify and explain whether Tiptop Energy President Zhongying Wang obtained permanent resident status in the United States and, if so, when.

**INTERROGATORY NO. 23:** If Tiptop Energy President Zhongying Wang did obtain permanent resident status in the United States, identify and explain whether any sanction or disciplinary action was imposed on him by Tiptop Energy and/or SIPC and if so, what action was imposed.

**INTERROGATORY NO. 24:** Identify and explain whether, during Plaintiff's pregnancy, Tiptop Energy was ordered or directed by SIPC to enforce China's one-child policy with regard to her.

**INTERROGATORY NO. 25:** If SIPC ordered or directed Tiptop Energy to enforce China's one-child policy with regard to Plaintiff's pregnancy, and, whether or not ordered or directed by SIPC, identify and explain what actions were taken by Tiptop Energy to enforce China's one-child policy with regard to Plaintiff.

                                        Respectfully submitted,

                                        s/ J. Kelly Work
                                        J. Kelly Work, OBA No. 9888
                                        105 N. Hudson, Suite 304
                                        Oklahoma City, Oklahoma 73102
                                        Telephone:  (405) 232-2790
                                        Facsimile:   (405) 232-3966
                                        Email: jkwork225@gmail.com
                              ***Attorney for Plaintiff Jidong Zhang***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of March, 2017, I sent via certified U.S. Mail, return receipt requested and electronically transmitted the attached *Plaintiff's First Set of Requests for Interrogatories* to the following:

Marc H. Klein
J. Meghan Nylin
THOMPSON & KNIGHT, LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
***Attorneys for Defendant Tiptop Energy***
***Production U.S., LLC***

                                            /s/ J. Kelly Work