## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JIDONG ZHANG,                                          )
                                                       )
        Plaintiff,                                   )
                                                       )
v.                                                     )          Case No. CIV-16-1044-SLP
                                                       )
TIPTOP ENERGY PRODUCTION                               )
U.S., LLC, a limited liability company,                )
                                                       )
        Defendant.                                   )

## O R D E R

Before the Court are: (1) Defendant's Motion to Stay Discovery [Doc. No. 84]; and

(2) Defendant's Motion to Quash or for Protective Order [Doc. No. 87]. Plaintiff has

responded and Defendant has replied. These matters are fully briefed and ready for

decision.

## I.    Relevant Procedural Background

Contemporaneously with the filing of Defendant's Motion for Summary Judgment

[Doc. No. 32], the parties jointly moved for a stay of all unexpired scheduling order

deadlines. The Court granted the parties' request. *See* Order [Doc. No. 34]. At the time

the Court entered its Order, one month remained on the discovery deadline. The only other

deadlines impacted by the Court's Order were those related to pretrial filings and the trial

date. The Order did not stay discovery. Rather, it stayed the deadline for completion of

discovery.

Subsequent thereto, both parties have continued to engage in discovery but neither

party contends the additional discovery is necessary for resolution of the pending summary

judgment motion.  Consequently, Defendant requests the Court to stay discovery until a ruling on the summary judgment motion is entered.  Defendant cites "judicial efficiency" as support.

Plaintiff, conversely, seeks limited additional discovery.  Specifically, Plaintiff served a deposition subpoena on Mr. Xiang Jiang a former employee of Defendant.  That deposition has been stayed pending the Court's ruling on Defendant's Motion to Quash.[1] Plaintiff also wants to depose Mr. Zhongying Wang, the former president of Defendant. Plaintiff represents that Mr. Zhongying Wang was transferred to China before discovery commenced in this case.

## II.   Legal Standards

Prior to taking a deposition, "[a] party who wants to depose a person by oral questions must give reasonable notice to every other party."  Fed. R. Civ. P. 30(b)(1). "Reasonable notice to parties as contemplated by Fed. R. Civ. P. 30(b)(1) for the taking of depositions shall be 14 days."  LCvR 30.1(a)(2).

"The deponent's attendance may be compelled by subpoena under Rule 45."  Fed. R. Civ. P. 30(a)(1).   "A subpoena to compel a witness to attend a deposition as contemplated by Fed. R. Civ. P. 30(a)(1) shall be served on the witness at least 14 days prior to the date of the deposition[.]"  LCvR 30.1(a)(1).

---

[1] Because Mr. Xiang Jiang lives in Houston, Texas, he was served with a subpoena there and Defendant's moved for a protective order and to quash the subpoena in the United States District Court for the Southern District of Texas.  The federal court in Texas granted temporary relief by staying the deposition, but found exceptional circumstances existed pursuant to Rule 45(f) of the Federal Rules of Civil Procedure and transferred the matter to this Court for ultimate resolution. *See* Order [Doc. No. 87-1].

"A subpoena may command a person to attend a . . . deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(b)(3).  "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d).

A court may quash or modify a subpoena if it: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, of no exception or waiver applies; or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3).

## III.   Discussion

### A.   Defendant's Motion to Quash the Subpoena

#### 1.   Standing

As an initial matter, the Court must address the issue of Defendant's standing to challenge the issuance of the subpoena even though neither party has raised the issue. "Plaintiffs do not have standing to move to quash a subpoena served on a nonparty unless they have a personal right or privilege with respect to the subject matter sought by the subpoena."  *Gulf Coast Shippers Ltd. P'ship v. DHL Exp. (USA), Inc*., No. 2:09CV221, 2011 WL 5102270 at *1 (D. Utah Oct. 26, 2011) (unpublished op.) (citation omitted); *see also Smith v. Midland Brake, Inc*., 162 F.R.D. 683, 685 (D. Kan. 1995) ("("A motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.");

*Brunet v. Quizno's Franchise Co. LLC*, 2009 WL 902434, *4 (D. Colo. April 1, 2009) ("Absent a specific showing of a privilege or privacy [by a party], a court cannot quash a subpoena duces tecum" issued to a nonparty.); *Trujillo v. Board of Educ. of the Albuquerque Public Schools*, 2007 WL 2296916, *1 (D. N.M June 26, 2007) (A party has no standing to move to quash a subpoena of a nonparty absent a claim of privilege or legitimate interest.).

Here, Defendant has no standing to quash the subpoena. Mr. Xiang Jiang is a non-party. And, Defendant makes no showing that his deposition testimony will encompass any subject matter subject to a personal right or privilege of Defendant.

## 2.    Timeliness of Notice

Although not necessary, the Court further addresses Defendant's timeliness challenge. On December 17, 2018, Plaintiff issued a subpoena to non-party Xiang Jiang to appear to testify at a deposition to take place on January 11, 2019 at 9:30 a.m. in Houston Texas. *See* Subpoena [Doc. No. 86-7] at 1. Plaintiff served the subpoena on Mr. Xiang Jiang on December 18, 2018. *Id.* at 2. The subpoena was served within the fourteen-day period required by this Court's local rules.

On December 19, 2018, Plaintiff served a Notice to Take Deposition of Witness Mr. Xiang Jiang on counsel for Defendant. *See* Notice [Doc. No. 86-8]. The notice was also served within the fourteen-day period required by the Court's local rules.

Defendant argues that because Plaintiff "failed to serve her deposition notice on Tiptop *before* she served the subpoena" grounds to quash the subpoena exist. *See* Def.'s

Mot. at 7 (emphasis added).  Defendant inaccurately relies on Rule 45(a)(4) as support.[2] But that Rule governs only where "the subpoena commands the production of documents, electronically stored information or tangible things" and has no application here. Defendant cites no authority for the proposition that a deposition notice must precede issuance of a subpoena for deposition testimony only.  Indeed, Defendant's own authority demonstrates Plaintiff fully complied with the notice requirements of Rule 30.

As further grounds for quashing the subpoena, Defendant relies upon Rule 45(d)(1) of the Federal Rules of Civil Procedure which directs that "[a] party or attorney responsible for issuing a subpoena must take reasonable steps to avoid imposing undue burden or expense *on a person subject to the subpoena*."  Fed. R. Civ. P. 45(d)(1) (emphasis added). Defendant argues that if the Court were to grant Defendant's pending summary judgment motion, allowing the deposition of Mr. Jiang to proceed "will have wasted [Defendant's] and Jiang's resources."  Def.'s Mot. at 6.  The Rule is clear that the relevant inquiry is any undue burden or expense imposed on Mr. Jiang as the person subject to the subpoena.  Mr. Jiang did not object to the subpoena and Defendant's assertion that he will suffer undue burden or expense is wholly speculative and conclusory.  Fundamentally, Defendant lacks standing to challenge the subpoena on this ground.

---

[2] Defendant actually makes reference to "Fed. R. Civ. P. 45(a)(5)."  Def.'s Mot. at 6.  But no such provision exists.  Therefore, the Court construes the inadvertent error to be a reference to Rule 45(a)(4).

### B.     Defendant's Request for a Protective Order

Defendant cites Rule 26(b)(2)(C)(ii) as support for issuance of a protective order.[3] The Rule provides that the Court must limit "the frequency or extent of discovery otherwise allowed" if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." *Id*. The Court has carefully reviewed the parties' submissions and finds Plaintiff has been diligent in her efforts to locate Mr. Jiang. Plaintiff has directed discovery requests to this issue and Defendant has not supplemented its responses in a manner that would allow Plaintiff to more readily ascertain the location of Mr. Xiang Jiang. The Court finds, under the circumstances, that Plaintiff has not had "ample opportunity" to depose Mr. Jiang. Plaintiff's efforts to locate Mr. Jiang have been, to some degree, thwarted by Defendant. Thus, Defendant is not entitled to a protective order under Rule 26(b)(2)(C)(ii).

In sum, Defendant has failed to demonstrate grounds upon which quashing the subpoena is warranted. Nor has Defendant demonstrated grounds for issuance of a protective order.

### C.     Defendant's Request for a Stay of Discovery

Finally, the Court addresses Defendant's request to stay discovery. In support of this request, Defendant relies upon the pending motion for summary judgment. Defendant argues that Plaintiff did not request additional discovery under Rule 56(d) and staying

---

[3] It is well settled "that the scope of discovery under a [Rule 45] subpoena is the same as the scope of discovery under Rules 26(b) and 34." *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003).

discovery pending resolution of the summary judgment motion "would promote the interests of judicial economy, and potentially could save the parties from needless burden and expense." Def's Mot. at 5.

Plaintiff acknowledges in response that "[t]he additional discovery being sought by Ms. Zhang is not for purposes of responding to Tiptop's Summary Judgment Motion." But Plaintiff contends the additional discovery "is sought by Ms. Zhang in order to be prepared for trial in the event Tiptop's Motion for Summary Judgment is denied." Pl.'s Resp. at 3. Plaintiff argues that the delay in seeking the deposition of Mr. Xiang Jiang was largely due to a lack of cooperation by Defendant in providing information Plaintiff requested through discovery requests. The Court has addressed that matter above. Plaintiff offers no reasons, however, as to why she did not previously depose former Tiptop President Zhongying Wang. Plaintiff states that he was transferred back to China "before commencement of discovery in this case." Pl.'s Resp. at 4. But Plaintiff fails to address the efforts, if any taken by Plaintiff to depose Mr. Wang.

The Court finds, therefore, that Plaintiff shall be allowed to depose Mr. Xiang Jiang. The pending summary judgment motion, alone, does not constitute sufficient grounds for precluding Plaintiff from obtaining the deposition testimony of this nonparty. But the Court finds all remaining discovery is stayed pending the Court's ruling on Defendant's summary judgment motion. Plaintiff has not articulated sufficient grounds for failing to

pursue such discovery, demonstrated sufficient need for the discovery or addressed how Plaintiff would proceed with obtaining such discovery.[4]

## IV.   Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Stay Discovery [Doc. No. 84] is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant's Motion to Quash or for Protective Order [Doc. No. 87] is DENIED and the parties shall confer to establish a mutually agreeable date for conducting the deposition of Mr. Xiang Jiang.

IT IS SO ORDERED this 4th day of February, 2019.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[4] The stay does not impact any discovery requests outstanding as of the date of this Order or prevent a party from compelling discovery responses as to any currently outstanding discovery requests.