IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JIDONG ZHANG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. CIV-16-1044-D |
| | § | |
| TIPTOP ENERGY PRODUCTION | § | |
| U.S., LLC, a limited liability company, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION IN LIMINE

Defendant Tiptop Energy Production U.S., LLC ("Tiptop") seeks an instruction to Plaintiff Jidong Zhang, her counsel, and her witnesses to make no reference or to suggest in any way in the presence of the jury any or all of the following items without first having approached the bench out of hearing of the jury and without having first secured the Court's permission:

1. **Claims dismissed on summary judgment and evidence relevant only to those dismissed claims.** The Court granted summary judgment to Tiptop on:

- Zhang's national-origin-discrimination claims. *See* Order at 19-21, 42 (Dkt. No. 100).

- Zhang's claims that Tiptop discriminated against her because of gender by failing to reimburse her expenses and assigning her a lower performance rating. *See id.* at 30, 41.

- Zhang's claims that Tiptop retaliated against her by demoting her in March 2015, denying her expense reimbursement requests, and assigning her a lower performance rating. *See id.* at 37, 41.

- Zhang's constructive-discharge claim and her entitlement to back or front pay. *See id.* at 39, 40, 41.

**DEFENDANT'S MOTION IN LIMINE — Page 1**

Because the Court has already determined that those actions were not discriminatory or retaliatory as a matter of law, the Court should preclude Zhang from rearguing those issues before the jury. *See, e.g.*, *Simonsen v. McClinton Energy Grp., LLC*, No. 13-cv-635, 2014 WL 5795498, at *1 (N.D. Okla. Nov. 6, 2014) (granting motion in limine to exclude evidence related to mistreatment of other employees and alleged accounting problems because the Court previously granted, in part, the employer's summary-judgment motion on constructive-discharge and fraud claims and the only claims that remained were for breach of contract relating to a signing bonus and base salary); *Heinrich v. Freel*, No. 1:11-CV-280, 2012 WL 13089420, at *1 (D. Wyo. Aug. 14, 2012) (granting motion in limine to exclude evidence that was irrelevant and would confuse the jury in light of the court's summary-judgment order).

In addition, because the Court dismissed those claims, it should not permit Zhang, her counsel, and her witnesses to refer to the following during trial:

- Zhang's 2015 demotion;

- Zhang's alleged "discharge";

- Zhang's lower performance evaluation in 2015; or

- Zhang's request that Tiptop reimburse her expenses and the purported failure to do so.

*See* Order at 30, 37, 39, 41 (Dkt. No. 100). Any evidence or argument related to those dismissed claims would be irrelevant, more prejudicial than probative, and would confuse the jury; accordingly, the Court should exclude such evidence and argument. *See* FED. R. EVID. 401-403; *Simonsen*, 2014 WL 5795498, at *1; *Heinrich*, 2012 WL 13089420, at *1.

**DEFENDANT'S MOTION IN LIMINE — Page 2**

GRANTED: _____DENIED: _____AGREED: _____

2.      **Zhang's pay rate, earnings, and back-pay or front-pay calculations, and evidence related to Zhang's purportedly lost wages or benefits.**  Because the Court dismissed Zhang's constructive-discharge claim as a matter of law, it observed that Zhang is not entitled to an award of back pay.  *See* Order at 39-41 (Dkt. No. 100).  Zhang therefore may recover only compensatory and punitive damages, court costs, and attorney's fees.  *See* 42 U.S.C. §§ 1981a, 2000e-5.  Evidence relating to Zhang's back-pay or front-pay request—such as her pay rate, earnings, allowances, tax returns, and calculations of lost wages or benefits—is irrelevant, is more prejudicial than probative, and would confuse the jury.  *See* FED. R. EVID. 401-403.

GRANTED: _____DENIED: _____AGREED: _____

3.      **Statements allegedly made to Zhang's parents by Qiujuan Zhang of North China Petroleum Corporation.**  Zhang contends that Qiujuan Zhang, an employee of North China Petroleum Corporation (a Sinopec affiliate in China and Zhang's parents' former employer) asked Zhang's parents to request that Zhang withdraw her EEOC charge.  Zhang has no evidence that Tiptop directly or indirectly caused Qiujuan Zhang to make the alleged statement or that Qiujuan Zhang or North China Petroleum Corporation functioned as Tiptop's agent.  The alleged statement is thus inadmissible hearsay, irrelevant to whether *Tiptop* retaliated against Zhang for having filed an EEOC charge, and more prejudicial than probative.  *See* FED. R. EVID. 401-403, 801-802.

GRANTED: _____DENIED: _____AGREED: _____

4.     **Tiptop's immigration practices and the immigration status of current or former Tiptop employees (except Zhang).**   After the Court's summary-judgment ruling, the only triable issues are whether Tiptop (a) discriminated against Zhang or subjected her to a hostile work environment because of gender (including pregnancy), and (b) retaliated against Zhang for having refused to return to China or having filed an EEOC charge.  *See* Final Pretrial Report at 4 (Dkt. No. 118); Dkt. No. 100 at 42.  Based on her exhibit list, Zhang intends to offer Tiptop's current and former employees' work visas and may attempt to offer testimony about their immigration status.  *See* Final Pretrial Report at 56 (Pl.'s Ex. 323; photos of expatriates' visas with date stamps); *id.* at 58 (Pl.'s Ex. 338; L-1 visa issued to Zhongying Wang on January 14, 2013)).  Such documents and testimony are irrelevant to Zhang's remaining gender-discrimination and retaliation claims, are more prejudicial than probative, and will confuse the jury.  *See* FED. R. EVID. 401-403.  References to the immigration process that enables an expatriate to apply for and obtain an intracompany-transferee visa authorizing employment by Tiptop in the United States likewise are irrelevant, prejudicial, and confusing.  *See id.*

GRANTED: _____DENIED: _____AGREED: _____

5.     **Other employees' claims, charges, or lawsuits that cannot be tied to the allegedly adverse actions in this lawsuit.**   Tiptop asks the Court to exclude any reference by Zhang, her counsel, and her witnesses to any discrimination or retaliation claims, charges, or lawsuits by any current or former Tiptop employee, other than Zhang, unless Zhang establishes that such evidence "can logically or reasonable be tied to" the remaining alleged adverse employment actions.  *See* FED. R. EVID. 401-404; *Schneider v.*

*City & Cty. of Denver*, 47 F. App'x 517, 525 (10th Cir. 2002) (holding that evidence regarding treatment of other employees by an employer is inadmissible unless the plaintiff can establish that the evidence "can logically or reasonably be tied to the" purportedly adverse action (citation and internal quotation marks omitted)). Evidence of prior acts is inadmissible to prove that Tiptop acted in accordance with its character. *See* FED. R. EVID. 404; *see also Schneider*, 47 F. App'x at 525-26. In addition, such evidence is irrelevant and unfairly prejudicial, and would confuse the issues and mislead the jury. *See* FED. R. EVID. 401-403; *Schneider*, 47 F. App'x at 526.

Alternatively, Tiptop requests that the Court instruct Zhang to inform the Court before she intends to introduce evidence related to other current or former Tiptop employees' claims, charges, or lawsuits so that the Court may conduct an inquiry as to the admissibility of such evidence outside of the jury's presence. *See Miller v. Love's Travel Stops & Country Stores, Inc.*, No. CIV-06-1008-D, 2008 WL 2079961, at *2 (W.D. Okla. May 9, 2008) (ordering the plaintiff to notify the court before he "calls a former employee to testify about the witness's alleged discriminatory termination by the Defendant" so that the Court could require "Plaintiff to make a particularized showing as to the relevance of the witness's proposed testimony" and could consider "arguments regarding Rule 403 considerations").

GRANTED: _____DENIED: _____AGREED: _____

6.    **Unsupplemented discovery responses.**  Tiptop requests that the Court preclude Zhang, her counsel, and her witnesses from attempting to introduce evidence of, or making reference to, any damages or computation of damages not disclosed by Zhang

to Tiptop in response to discovery requesting that information.   FED. R. EVID. 403,

FED. R. CIV. P. 26, 37.

GRANTED: _____DENIED: _____AGREED: _____

7.    **Opinion testimony by lay witnesses.**   Tiptop moves to exclude any

testimony offered by lay witnesses or argument by Zhang's counsel related to issues that

require specialized knowledge, skill, or expertise, as improper under the Federal Rules of

Civil Procedure and governing case law.   *See* FED. R. EVID. 701, 702; *James River Ins.*

*Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011) (noting that "Rule 701

does not permit a lay witness to express an opinion as to matters which are beyond the

realm of common knowledge and which require the special skill and knowledge of an

expert witness" and holding that a lay witness's valuation testimony was inadmissible

expert testimony).   Specifically, Zhang failed to designate an expert on the purported

mental, physical, or psychological harm she claims to have suffered; the only designated

expert witness testified about Zhang's economic losses, which the Court's summary-

judgment ruling made irrelevant.   *See* Pl.'s List of Expert Witnesses (Dkt. No. 25).

Zhang identifies Amanda K. Levin, M.D., as a trial witness and contends she may

testify regarding "[e]xamination and treatment of [Zhang] during [her] pregnancy."   Final

Pretrial Report at 69 (Dkt. No. 118).   Zhang also identifies Dr. Ray Hand, a psychologist,

as a trial witness and contends he will testify regarding the "[e]xamination and treatment

of [Zhang]."   *Id.* at 69.   Because Zhang failed to disclose Dr. Levin or Dr. Hand as an

expert witness, she may not introduce either individual's opinion testimony related to

issues that require specialized knowledge, skill, or expertise, including testimony

regarding Zhang's mental or emotional condition or the mental or psychological impact of Tiptop's alleged actions.  *See* FED. R. CIV. P. 37(c)(1); *EEOC v. Brown-Thompson Gen. P'ship*, No. Civ.-15-1142, 2019 WL 4007352, at \*2 (W.D. Okla. Aug. 23, 2019) (striking declarations that contain expert testimony because the declarants had not been disclosed as experts and "Fed. R. Civ. P. 37(c) prohibits the use of that testimony in support of a motion or at trial unless Plaintiff's failure to disclose is substantially justified or is harmless"); *Dobbs v. Wyeth Pharms.*, No. Civ.-04-1762, 2007 WL 7660186, at \*2, \*4 (W.D. Okla. Sept. 13, 2007) (granting motion in limine to prevent undisclosed expert from offering expert testimony).

GRANTED: _____DENIED: _____AGREED: _____

8.    **"Golden Rule" arguments related to damages.**  Tiptop requests that the Court preclude Zhang, her counsel, and her witnesses from making any argument or comment to the effect that jurors should place themselves in Zhang's position in determining the amount of recovery that Zhang should receive.  FED. R. EVID. 403; *see also, e.g.*, *Cordova v. City of Albuquerque*, 816 F.3d 645, 660 (10th Cir. 2016) ("It is well established that a party may not exhort the jury to "place itself in a party's shoes with respect to damages.").

GRANTED: _____DENIED: _____AGREED: _____

9.    **References to this motion.**  Tiptop asks that the Court prevent either party from referencing that Tiptop filed this motion or the Court's ruling that in any way suggests or implies to the jury or the jury panel that Tiptop moved to prohibit certain

matters from being heard by jurors or that the Court has excluded certain matters from the hearing or the consideration of the jurors.  *See* FED. R. EVID. 401-403.

GRANTED: _____DENIED: _____AGREED: _____

10.   **References to the law firms representing Tiptop.**  Tiptop requests that the Court instruct Zhang, her counsel, and her witnesses to refrain from referring to Thompson & Knight LLP and McAfee & Taft as large law firms; referring to the number of attorneys employed by or associated with the firms of Thompson & Knight LLP or McAfee & Taft; or referencing that any of the firms' attorneys primarily defend lawsuits involving employment discrimination and retaliation claims.   Such references are irrelevant and highly prejudicial.  FED. R. EVID. 401-403.

GRANTED: _____DENIED: _____AGREED: _____

11.   **Testimony of witnesses not called.**   Tiptop requests that the Court preclude Zhang, her counsel, and her witnesses from suggesting to the jury by testimony, argument, or otherwise what would have been the testimony of any witness not actually called.  FED. R. EVID. 401, 403, 801(c).

GRANTED: _____DENIED: _____AGREED: _____

12.   **Evidence related to settlement negotiations.**   Tiptop requests that the Court preclude Zhang, her counsel, and her witnesses from referencing or commenting on the existence or content of the parties' settlement negotiations.  *See* FED. R. EVID. 408; *Wells v. Allergan, Inc.*, No. CIV-12-973-C, 2012 WL 12074383, at *1-2 (W.D. Okla. Feb. 7, 2012) (granting motion in limine to exclude evidence of civil settlement).

GRANTED: _____DENIED: _____AGREED: _____

13.    **<u>Discovery not received.</u>**   Tiptop requests that the Court preclude Zhang, her counsel, and her witnesses from referencing or commenting on the existence of discovery controversies in this case, or Zhang's or her attorney's beliefs that Zhang is entitled to receive materials she has not received during discovery.  FED. R. EVID. 401-403.

GRANTED: _____DENIED: _____AGREED: _____

Dated:  July 14, 2020.

Respectfully submitted,

/s/ Marc H. Klein
Marc H. Klein
  Texas Bar No. 11563012
  *Pro hac vice*

J. Meghan Nylin McCaig
  Texas Bar No. 24070083
  *Pro hac vice*

THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 969-1700
Facsimile:  (214) 969-1751
E-mail: marc.klein@tklaw.com
E-mail: meghan.nylin@tklaw.com

Timothy J. Bomhoff
  State Bar No. 13172

Paige H. Good
  State Bar No. 31595

MCAFEE & TAFT
Tenth Floor
Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102-7103
Telephone:  (405) 235-9621
Facsimile:  (405) 235-0439
E-mail: tim.bomhoff@mcafeetaft.com
E-mail: paige.good@mcafeetaft.com

ATTORNEYS FOR DEFENDANT
TIPTOP ENERGY PRODUCTION
U.S., LLC

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document was filed and served electronically through ECF on July 14, 2020 on all counsel of record.

*/s/ Meghan Nylin McCaig*
Meghan Nylin McCaig